# THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CIVIL CASE NO. 5:25-cv-00017-MR

| | | |
|---|---|---|
| TIMOTHY SHEPHERD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Plaintiff's appeal of the Commissioner's decision denying his benefits. The parties have fully briefed the issues. [Docs. 6, 9, 11].

## I. BACKGROUND

On April 5, 2018, the Plaintiff, Timothy Shepherd, filed an application for disability insurance benefits under Title II and Title XVI of the Social Security Act (the "Act"), alleging an onset date of October 1, 2014, which was subsequent amended to October 21, 2015. [Transcript ("T.") at 249, 252, 254, 261]. The Plaintiff's claim was denied initially on July 13, 2018, and denied upon reconsideration on January 16, 2019. [Id. at 126-27, 171, 182, 194]. The Plaintiff requested a hearing and appeared with counsel at a

1

hearing before an Administrative Law Judge ("ALJ") on October 21, 2019. [Id. at 31-71, 201]. Prior to the hearing, the Plaintiff moved to amend his alleged onset date to August 28, 2017, and the ALJ amended the date accordingly. [Id. at 33-34, 279]. On November 18, 2019, the ALJ issued a written decision denying the Plaintiff benefits, finding that the Plaintiff was not disabled within the meaning of the Act from the alleged onset date of August 28, 2017 through the date of the ALJ's decision. [Id. at 10-20]. On July 1, 2020, the Appeals Council denied the Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. [Id. at 1]. The Plaintiff sought judicial review of the ALJ's decision, the Defendant requested remand, and the Plaintiff consented. [Id. at 633-38]. On October 28, 2021, the case was remanded for further administrative proceedings. [Id. at 636].

On October 27 and December 7, 2020, before his pending case was remanded, the Plaintiff filed new applications for disability insurance benefits under Title II and Title XVI of the Act, alleging an onset date of November 19, 2019. [Id. at 806, 808]. After the Plaintiff's original claim was remanded for further administrative proceedings, the Appeals Council consolidated the Plaintiff's new applications with his original claim. [Id. at 645]. On remand, the ALJ held a hearing on the consolidated claims on July 19, 2022 and

2

issued a partially favorable written decision on September 1, 2022, finding that the Plaintiff became disabled on July 19, 2022, but was not disabled at any time through his last insured date of December 31, 2020. [Id. at 517-55, 649-63]. Accordingly, the ALJ denied the Plaintiff's application for benefits under Title II of the Act. [Id. at 663]. On April 5, 2023, the Appeals Council remanded the case to the ALJ. [Id. at 674-77]. On remand from the Appeals Council, the ALJ held a hearing on August 29, 2023 and again issued a partially favorable written decision on September 20, 2023, finding that the Plaintiff became disabled on August 27, 2022, but was not disabled at any time through his last insured date of December 31, 2020. [Id. 489-507, 556-606]. Accordingly, the ALJ again denied the Plaintiff's application for benefits under Title II of the Act. [Id. at 507]. On December 2, 2024, the Appeals Council denied the Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. [Id. at 480-83]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II.    STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the

Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734

F.3d 288, 295 (4th Cir. 2013).  It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion."  Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (internal quotation marks omitted). "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional investigation and explanations."  Mills v. Berryhill, No. 1:16-cv-25-MR, 2017 WL 957542, at *4 (W.D.N.C. Mar. 10, 2017) (Reidinger, J.) (citing Radford, 734 F.3d at 295).

## III.    THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015).  "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps."  Pass v. Chater, 65 F.3d 1200,

5

1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established, and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education, or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's

6

ability to perform work-related functions.  Social Security Ruling 96-8p; 20 C.F.R. §§ 404.1546(c); 404.943(c); 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work.  20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634.  If the claimant can still perform his or her past work, then the claimant is not disabled.  Id.  Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner.  At step five, the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy.  Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006).  "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations."  20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635.  If the Commissioner succeeds in shouldering his burden at step five, the claimant is not disabled and the application for benefits must be denied.  Id.  Otherwise, the claimant is entitled to benefits.

## IV.   THE ALJ'S DECISION

At step one, the ALJ found that the Plaintiff has not engaged in any substantial gainful activity since his alleged onset date, August 28, 2017.  [T.

at 495]. At step two, the ALJ found that during the relevant period the Plaintiff had severe impairments including: "chronic obstructive pulmonary disorder (COPD)/emphysema; degenerative joint disease; degenerative disc disease of the lumbar spine; partial amputation of the left hand; hip fracture; depression; and anxiety." [Id.]. At step three, the ALJ determined that the Plaintiff did not have an impairment or combination of impairments that met or medically equaled the Listings. [Id.]. The ALJ then determined that the Plaintiff, notwithstanding his impairments, had the RFC

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant requires the option to alternate between sitting and standing every half hour while remaining on task; and is limited to occasional climbing of ramps and stairs; no climbing of ladders, ropes, or scaffolds; occasional balancing, stooping, kneeling, and crouching; no crawling; frequent handling and fingering; frequent reaching except occasional reaching overhead with the right upper extremity; occasional pushing and pulling foot controls with the bilateral lower extremities; occasional exposure to hazards; no more than frequent exposure to environmental factors and temperature extremes; simple instructions and routine repetitive tasks in two-hour segments; work at a non-production pace (non automated / conveyor pacing); infrequent changes in the work setting; interaction with the public incidental to work; frequent interaction with supervisors and coworkers but no teamwork; communication in brief task oriented exchanges; rapid responses to emergency situations not required; and no handling of money without cash

register that calculates balance due and change needed.

[Id. at 497].

At step four, the ALJ found that the Plaintiff was unable to perform any past relevant work. [Id. at 505]. At step five, based upon the testimony of the vocational expert, the ALJ concluded that, considering the Plaintiff's age, education, work experience, and RFC, the Plaintiff was capable of performing jobs that exist in significant numbers in the national economy, including marker, garment sorter, and assembler II, prior to August 27, 2022. [Id. at 505-06]. However, the ALJ also concluded that beginning on August 27, 2022, the Plaintiff's fiftieth birthday and the date the Plaintiff's age category changed, the Plaintiff was not capable of performing jobs that exist in significant numbers in the national economy. [Id. at 506]. The ALJ therefore concluded that the Plaintiff was not disabled prior to August 27, 2022, but became disabled on that date and has continued to be disabled through the date of the ALJ's decision. [Id.]. Accordingly, the ALJ further concluded that the Plaintiff was not disabled within the meaning of the Act at any time through his last insured date of December 31, 2020. [Id.].

9

## V. DISCUSSION[1]

In this appeal, the Plaintiff assigns four errors to the ALJ's decision: (1) the ALJ improperly held the Plaintiff's inability to afford consistent medical treatment against him by discounting the Plaintiff's testimony regarding his symptoms based on his lack of consistent treatment for those symptoms; (2) the ALJ failed to perform a function-by-function assessment necessary to support the RFC; (3) the ALJ relied on improper testimony from the vocational expert; and (4) the ALJ did not properly weigh the consulting psychologists' opinions.  [Doc. 6 at 6-25].

Regarding the Plaintiff's first assignment of error, the ALJ found that the Plaintiff received "little to no treatment" for his symptoms in 2017 and 2019, "did not consistently return" for treatment after initially establishing care on several occasions, and had "not treated with any specialists on a regular basis since the amended onset date."  [T. at 501].  As a result, the ALJ concluded that "the lack of treatment suggests that his symptoms were not as persistent or limiting as alleged."  [Id.].  The ALJ recognized that the Plaintiff's "financial situation is not optimal" and that his financial situation "has been a factor in his inability to afford healthcare," but the ALJ

---

[1] Rather than set forth the relevant facts in a separate section, the Court has incorporated the relevant facts into its legal analysis.

nevertheless found that on the record available he was "unable to make a finding that the claimant has exhausted all resources available to individuals who cannot afford medical treatment or medication such as hospitals, clinics, or community agencies." [Id. at 501-02]. The ALJ accordingly concluded that "the record as a whole does not support the claimant's testimony with respect to the intensity and persistence his pain and other symptoms." [Id. at 502].

The Plaintiff, however, contends that this conclusion improperly prejudiced the Plaintiff based on his inability to afford medical care. [Doc. 6 at 6-10; Doc. 11 at 1-3]. The Plaintiff further contends that he attempted to testify to his financial situation in his 2022 and 2023 hearings but the ALJ interfered with his testimony by characterizing it as not providing functional information, and, in a hearing before a different ALJ in 2019, the Plaintiff testified that he was unaware of any free clinics in the area where he could have received treatment. [Doc. 6 at 8-10]; see also [T. at 50-51, 531-32, 580-81].

Under Social Security Ruling 16-3p, "if the frequency or extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective complaints . . . [an ALJ] may find the alleged intensity and persistence of an individual's symptoms are inconsistent with the overall

evidence of record." SSR 16-3p, 2016 WL 1119029, at *8 (S.S.A. Mar. 16, 2016). However, before finding that inconsistency, an ALJ must consider "possible reasons [the plaintiff] may not comply with treatment or seek treatment consistent with the degree of the [the plaintiff's] complaints." Id. Such reasons include whether the plaintiff can "afford treatment" or whether the plaintiff has "access to free or low-cost medical services." Id. at *9. An ALJ must "consider and address reasons for not pursuing treatment that are pertinent to an individual's case" and "explain how [the ALJ] considered the individuals reasons in [the ALJ's] evaluation of the individual's symptoms." Id.

Here, the ALJ considered the effect of the Plaintiff's financial situation on his ability to afford healthcare, and the ALJ explained why he discounted that effect—namely, because the record did not support a finding that the Plaintiff had exhausted the resources available to him for treatment. That exhaustion requirement, however, imposed an unduly high burden on the Plaintiff. Moreover, the underdevelopment of the record regarding the Plaintiff's alleged inability to receive treatment may be partially attributable to the ALJ's suggestions, during the Plaintiff's 2022 and 2023 hearings, that information about the Plaintiff's financial and insurance circumstances was not "functional." [T. at 532, 580]. As a result, the Court lacks an adequate

record of the basis for the ALJ's decision, and the ALJ has not satisfied his duty to "build an accurate and logical bridge from the evidence to his conclusion." Monroe, 826 F.3d at 189 (citation omitted).

Accordingly, the Court must remand this case so that the ALJ can properly determine whether the Plaintiff's asserted reason for not pursuing treatment excuses the apparent inconsistency between that lack of treatment and the Plaintiff's testimony about the intensity and persistence of his symptoms. Because the proper crediting of the Plaintiff's testimony may have an effect on both the ALJ's function-by-function assessment and the ALJ's evaluation of the psychologists' opinions, the Plaintiff's second and fourth assignments of error need not be addressed at this time but may be addressed by him on remand.[2]

## VI. CONCLUSION

Because the Court lacks an adequate record of the basis for the ALJ's decision, it cannot conduct a meaningful review of the ALJ's decision and must remand. See Radford, 734 F.3d at 295.

---

[2] Regarding the Plaintiff's third assignment of error, however, the Plaintiff's argument is not well taken. The Plaintiff contends that the jobs identified by the vocational expert— marker, garment sorter, and assembler II—were in apparent conflict with the hypothetical posed to the vocational expert, which included occasional exposure to "open machinery." [Doc. 6 at 20-21]. For grounds, the Plaintiff contends that the jobs include exposure to open machinery because they include exposure to a "ticket-printing machine," an "iron," and a "drill press." [Id. at 21]. Exposure to these tools, however, cannot reasonably be construed as exposure to "open machinery."

## <u>ORDER</u>

**IT IS, THEREFORE, ORDERED** that, pursuant to the power of this Court to enter judgment affirming, modifying, or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED,** and the case is hereby **REMANDED** for further administrative proceedings consistent with this opinion.

**IT IS SO ORDERED.**

Signed: March 17, 2026

Martin Reidinger
Chief United States District Judge

14